# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SUNITA BHANDARI** | : | **CIVIL ACTION** |
| *Plaintiff, pro se* | : | |
| | : | **NO. 19-1641** |
| **v.** | : | |
| | : | |
| **UNITED AIRLINES** | : | |
| *Defendant* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                 DECEMBER 4, 2020

## MEMORANDUM OPINION

**INTRODUCTION**

Plaintiff Sunita Bhandari, proceeding *pro se*, filed a personal injury action against United Airlines ("Defendant") alleging that she suffered serious injuries as the result of the negligence of wheelchair assistants who were helping her deplane from a United Airlines flight. [ECF 1]. On August 26, 2020, Defendant filed the instant motion for summary judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56, arguing that this matter should be dismissed because (1) Defendant is not liable for the actions of the airport wheelchair assistants who were not Defendant's employees, but rather independent contractors, (2) Plaintiff cannot prove causation since her extensive injuries are related to a prior accident, and (3) Plaintiff offers no evidence to support her demand for punitive damages. [ECF 25-1]. To date, Plaintiff has not filed any response to Defendant's motion for summary judgment, and the time for doing so has long passed.

For the reasons that follow, Defendant's motion for summary judgment is granted.

**BACKGROUND**

When ruling on a motion for summary judgment, a court must consider all record evidence and supported relevant facts in the light most favorable to the non-movant, here Plaintiff. *See*

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Galena v. Leone*, 638 F.3d 186, 196 (3d Cir. 2011).  Because the procedural and factual histories are known to the parties, only the facts pertinent to the underlying motion will be highlighted.  These pertinent facts, drawn mostly from Plaintiff's complaint,[1] are as follows:

> On April 19, 2017, Plaintiff, who is severely disabled from a prior car accident, required wheelchair assistance to deplane from a United Airlines flight at Chicago O'Hare International Airport. [Compl., ECF 1 at 3].  Upon reaching "where the point is from plane to terminal," the wheelchair assistant declined a second assistant's help. [*Id.*].  Plaintiff acknowledged that the wheelchair assistants were not employees of Defendant as both individuals wore Air Serv uniforms, badges, insignias, and lanyards. [*See* ECF 25-1 at 8].  At that point in the terminal, Plaintiff then experienced a bump which jolted her "like a whiplash." [ECF 1 at 3].  This bump allegedly aggravated her existing injuries and/or caused new ones, namely: loss of eating ability, TMJ with pain and swelling, an ENT issue, ear pain, continuous headache, and her skull "shaking from inside."  [*Id.* at 4].  Plaintiff seeks damages for her injuries, loss of enjoyment, pain and suffering, mental anguish, "spouse consortium," future expenses and punitive damages, as well as demands lifetime business class fares to India, California, and Chicago. [*Id.*]

In its motion for summary judgement, Defendant argues the following undisputed facts:

> Defendant and Air Serv are parties to a contract wherein Air Serv provides certain passenger services to Defendant's passengers at Chicago O'Hare International Airport, including wheelchair assistance. [ECF 25-14].  The contract specifically sets forth that Air Serv's "relationship to United in the performance of the Agreement shall be that of an independent contractor." [*Id.* at 17].  Defendant has also provided the declarations of Paul Shira of ABM (formerly Air Serv) and Brian Watson of United Airlines, which further establish that the wheelchair assistants were under Air Serv's exclusive supervision and control. [ECF 25-15, 25-16.]

---

[1] While considering a motion for summary judgment, this Court generally draws the facts from the parties' proffered evidence, not the complaint.  Here, however, where Plaintiff has failed to respond to Defendants' motion for summary judgment, this Court has included factual allegations derived from the complaint.  It is well-settled, of course, that a plaintiff cannot rely on his or her allegations in a complaint to overcome a defendant's motion for summary judgment.  *See, e.g.*, *Weiss v. Mader*, 525 F. Supp. 834, 837 (E.D. Pa. 1981).

**LEGAL STANDARD**

Rule 56 governs the practice of motions for summary judgment. Specifically, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Under Rule 56, the court must view the evidence in the light most favorable to the nonmoving party, here Plaintiff. *Galena*, 638 F.3d at 196.

Pursuant to Rule 56, the movant bears the initial burden of informing the court of the basis for the motion and identifying those portions of the record which the movant "believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden can be met by showing that the nonmoving party has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. In such circumstances, there is no genuine issue as to any material fact, because a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. *Id.* at 323.

After the movant has met its initial burden, summary judgment is appropriate if the nonmoving party fails to rebut the moving party's claim by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" that show a genuine issue of material fact or by "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P 56(c)(1)(A)-(B). The nonmoving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to

3

interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

"[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990). Rather, a party must present evidence sufficient to create a triable issue. *Anderson*, 477 U.S. at 248–49; *Gleason v. Norwest Mortg., Inc.*, 243 F.3d 130, 138 (3d Cir. 2001) ("A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial."). Evidence means "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (even those made for purposes of the motion), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

**DISCUSSION**

Defendant moves for summary judgment on the ground that Plaintiff has failed to make a showing sufficient to establish the existence of each of the requisite elements of her negligence claim or that Defendant is liable for the alleged negligent conduct of the wheelchair assistants. Specifically, Defendant argues that Plaintiff has failed to present evidence sufficient to show that Defendant owed her a duty of care, that Defendant breached that duty, that the breach was the actual and proximate cause of Plaintiff's injuries, and that Plaintiff suffered an actual injury. *See Allen v. American Airlines*, 301 F. Supp. 2d 370, 374 (E.D. Pa. 2003) (citing *Brisbine v. Outside in Sch. Of Educ.*, 799 A.2d 89, 93 (Pa. Super. Ct. 2002)). Plaintiff has the burden of establishing each of these elements. *Id.* In a personal injury action, causation generally must be proven with expert medical testimony, unless there is an obvious causal relationship between the alleged negligent act and the injury. *See Lattanze v. Silverstrini*, 448 A.2d 605, 608 (Pa. Super. Ct. 1982).

In light of Plaintiff's failure to respond to Defendant's motion for summary judgment, this Court agrees that Plaintiff has failed to meet her summary judgment burden on her negligence claim.

Other than the allegations in the complaint, Plaintiff has not put forth any evidence to establish any of the elements of her claim.  Defendant, on the other hand, has offered unrebutted evidence to refute its liability or any duties owed, causation, and/or damages.  Because Plaintiff has neither proffered evidence to meet her summary judgment burden of proof nor refuted Defendant's evidence and arguments, there is no genuine dispute of any material fact.  A complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.  *See Celotex*, 477 U.S. at 322.  Having failed to present any evidence to substantiate any of the elements of her negligence claim, Plaintiff has not met her summary judgment burden.  This Court must, therefore, grant Defendant's motion for summary judgment. *See* Fed. R. Civ. P 56(a).

Notwithstanding Plaintiff's failure to respond to Defendant's motion and considering Plaintiff is *pro s*e, this Court will address Defendant's specific arguments pertaining to Plaintiff's negligence claim.  As noted, Defendant argues that it is not liable for the alleged injuries suffered by Plaintiff because the wheelchair assistants involved in the incident were not United Airlines employees but were, instead, independent contractors employed by Air Serv.  As the employees of Air Serv, Defendant is not and contractually cannot be liable for any negligent act or omission they commit.  This Court agrees.

"As a general rule, the employer of an independent contractor is not liable for physical harm caused another by an act or omission of the contractor or his servants." *Mentzer v. Ognibene*, 597 A.2d 604, 610 (Pa. Super. Ct. 1991); *see also Hoffee v. AAC Transportation LLC*, 2019 WL 2642840, *2 (M.D. Pa. 2019) ("when an independent contractor causes injury, the party employing

the independent contractor is not liable to the injured third person") (internal citations omitted). In determining whether an individual is an independent contractor rather than an employee, Pennsylvania courts consider "numerous factors," including, but not limited to, who controls the work, the nature of the work, the parties' agreement, provision of the tools of employment, and payment. *Valles v. Albert Einstein Medical Ctr.*, 805 A.2d 1232, 1237-38 (Pa. 2002) (outlining the factors relevant in determining independent contractor status).

To demonstrate the wheelchair assistants' status as independent contractors, Defendant has attached the unrefuted sworn declarations of Paul Shira, on behalf of ABM (formerly Air Serv Corp.), and Brian Watson, on behalf of United Airlines. Both individuals attested that that Air Serv exclusively supervised the wheelchair assistants, paid them, and provided them their tools of employment, including the wheelchairs. [*See* ECF 25-15, 25-16]. In addition, the wheelchair assistants' uniforms, lanyards, and identification cards, as seen in photos provided by Plaintiff in discovery, clearly bear Air Serv insignias. [ECF 25-13]. Indeed, Plaintiff testified at her deposition that no United Airlines employee provided her wheelchair assistance, and that no employee of United Airlines was responsible for deplaning her. [*See* ECF 25-1 at 8]. In addition, Defendant has proffered the contract between Air Serv and United Airlines that, while not dispositive, explicitly sets forth an independent contractor relationship between them. [ECF 25-14 at 14]. This contract supports that the wheelchair assistants were independent contractors. As such, Defendant cannot be liable for their conduct. Accordingly, there is no evidence of Defendant's negligence.

Though the analysis could stop here, this Court also finds that Plaintiff has not presented any evidence to establish causation. In her discovery responses, Plaintiff indicates she does not intend to offer expert medical testimony regarding the cause of her injuries should her case proceed

to trial. [*See* ECF 25-1 at 12]. Notably, Plaintiff's time for identifying an expert and producing the requisite expert report has long passed. Defendant, on the other hand, has provided an expert report of an independent medical expert who examined Plaintiff, reviewed her medical records, and opined that Plaintiff's injuries were not caused by the alleged wheelchair incident. [ECF 25-11]. Defendant also points to multiple instances where Plaintiff's own medical providers offer opinions for causes of Plaintiff's injuries completely unrelated to the alleged wheelchair incident. [ECF 25-1 at 15]. Because the causal link between the incident and Plaintiff's alleged injuries is not "obvious," and Plaintiff has not offered nor plans to offer expert medical testimony, this Court concludes that Plaintiff cannot establish causation.

Since no evidence has been offered by Plaintiff to establish Defendant's liability, causation or Plaintiff's damages, Defendant's motion for summary judgment is meritorious and, therefore, granted.

**CONCLUSION**

For the reasons set forth herein, this Court finds that Plaintiff has not met her summary judgment burden with respect to her negligence claim against Defendant. Accordingly, Defendant's motion for summary judgment is granted, and judgment is entered in favor of Defendant and against Plaintiff. An Order consistent with this Memorandum Opinion follows.

*NITZA I. QUIÑONES ALEJANDRO, J. U.S.D.C.*